**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund, | ) | |
| Midwest Operating Engineers Pension Trust Fund, | ) | |
| Operating Engineers Local 150 Apprenticeship | ) | |
| Fund, Midwest Operating Engineers Retirement | ) | |
| Enhancement Fund, Construction Industry | ) | |
| Research and Service Trust Fund, and | ) | CIVIL ACTION |
| International Union of Operating Engineers, | ) | |
| Local 150, AFL-CIO, | ) | NO. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wiggins Computing, LLC d/b/a WCT Midwest, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund, Midwest Operating Engineers Pension Trust Fund, Operating Engineers Local 150 Apprenticeship Fund, Midwest Operating Engineers Retirement Enhancement Fund ("REF") (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"), bring this action to collect contributions and dues from Defendant, Wiggins Computing, LLC d/b/a WCT Midwest ("Wiggins Computing"), and to compel Wiggins Computing to submit required monthly contribution reports.

### COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS

**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor

Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Wiggins Computing is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Rock Falls, Illinois.

3. Wiggins Computing identified Justin Wiggins as its Registered Agent (Exhibit A).

4. On July 25, 2022, Wiggins Computing through Justin Wiggins signed a Memorandum of Agreement (attached as Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Rockford Heavy and Highway and Underground Northwestern Illinois Contractors Association Agreement (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Wiggins Computing to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6. The CBA and Trust Agreements specifically require Wiggins Computing to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

2

(e)     pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports and delinquent contributions;

(f)     furnish to the Funds a bond in an amount acceptable to the Funds;

(g)     pay the Funds a flat fee of $110 for each business day per fund that requested audit documents are not produced after 21 days from the demand for such documents.

7.     The CBA also requires Wiggins Computing to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBA places the same obligations on Wiggins Computing with respect to CRF as it does the Funds.

8.     The CBA further requires Wiggins Computing to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Wiggins Computing does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9.     Wiggins Computing has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

10.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA 29 U.S.C. § 1132(e)(2) because the Funds are administered in Cook County, Illinois.

3

**Allegations of Violations**

12.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

13.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.

14.     Wiggins Computing has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Wiggins Computing, there is a total of $66,298.77 currently known to be due the Funds from Wiggins Computing, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A.      enter judgment in favor of the Funds and against Wiggins Computing for all unpaid contributions as identified in Wiggins Computing's contribution reports;

B.      enjoin Wiggins Computing to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.      enter judgment against Wiggins Computing and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

4

D.      provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Wiggins Computing's cost.

## COUNT II.    SUIT TO COLLECT CRF CONTRIBUTIONS

1-15    CRF re-alleges and incorporates herein by reference paragraphs 1 through 15 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

17.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18.    Wiggins Computing has not submitted all of its contribution reports to CRF. Wiggins Computing has failed to make timely payment of all contributions acknowledged to be due according to Wiggins Computing's own contribution reports and the collective bargaining agreement, and Wiggins Computing has failed to pay interest and liquidated damages required by the CBA. Accordingly, Wiggins Computing is in breach of its obligations to the CRF under the CBA.

19.    That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Wiggins Computing, there is a total of $2,510.75 currently known to be due to CRF from Wiggins Computing subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.      order Wiggins Computing to submit all delinquent monthly contribution reports;

B.      enter judgment in favor of CRF and against Wiggins Computing for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Wiggins Computing's failure to submit all contribution reports required by the CBA;

C.      enjoin Wiggins Computing to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D.      award CRF such further relief as may be deemed just and equitable by the Court, all at Wiggins Computing's cost.

## COUNT III.  SUIT TO COLLECT UNION DUES

1-15.   The Union re-alleges and incorporates herein by reference paragraphs 1 through 15 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

17.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

18.    Wiggins Computing has not submitted all of its dues reports to the Union. Wiggins Computing has failed to make timely payment of all dues acknowledged to be due according to Wiggins Computing's own reports and the collective bargaining agreement. Wiggins Computing is required to pay liquidated damages by the CBA.  Accordingly, Wiggins Computing is in breach of its obligations to the Union under the CBA.

19.    That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Wiggins Computing, there is a total of

$2,251.95 currently known to be due to the Union from Wiggins Computing before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.      order Wiggins Computing to submit all delinquent monthly dues reports;

B.      enter judgment in favor of the Union and against Wiggins Computing for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Wiggins Computing failed to submit all dues reports required by the CBA;

C.      enjoin Wiggins Computing to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBA;

D.      award the Union such further relief as may be deemed just and equitable by the Court, all at Wiggins Computing's cost.

Dated: June 11, 2026

Respectfully submitted,

By:     /s/Emil P. Totonchi
        One of the Attorneys for Plaintiffs

Attorneys for Local 150:                          Attorney for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*          Emil P. Totonchi *(etotonchi@local150.org)*
Emil P. Totonchi *(etotonchi@local150.org)*        6141 Joliet Road
6140 Joliet Road                                   Countryside, IL  60525
Countryside, IL 60525                              Ph: 708-579-6628
Ph: 708-579-6628                                   Fx: 708-588-1647
Fx: 708-588-1647

7